**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-4346**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

PHILLIP SCOTT SPIVEY,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:07-cr-00220-JAB-1)

Submitted: July 1, 2008          Decided: July 25, 2008

Before NIEMEYER, MOTZ, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Louis C. Allen, III, Federal Public Defender, William S. Trivette, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Pursuant to a written plea agreement, Phillip Scott Spivey entered a conditional guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C.A. §§ 922(g)(1), 924(e) (West 2000 & Supp. 2008). Spivey reserved the right to challenge on appeal the district court's denial of his motion to suppress the evidence seized during a traffic stop. We have reviewed the record and find no reversible error.

On December 1, 2006, Montgomery County (North Carolina) Sheriff Deputy Michael Concannon and Biscoe Police Officer M. Glover stopped a vehicle due to an expired inspection sticker and license registration. Spivey sat in the front passenger seat. Concannon asked Spivey to exit the vehicle; a frisk of his person did not reveal any weapons. Concannon did not place Spivey under arrest and left him with Glover. Concannon then looked underneath the front passenger seat and found a loaded handgun. Spivey admitted it was his firearm.

The sole issue on appeal is whether Concannon's search of the vehicle was a valid protective search authorized under Michigan v. Long, 463 U.S. 1032 (1983). Under Long, a police officer may conduct a protective search of the passenger compartment of a lawfully stopped automobile where the "officer possesses a reasonable belief based on 'specific and articulable facts which, taken together with the rational inferences from those facts,

- 2 -

reasonably warrant' the officer in believing that [a] suspect is dangerous and the suspect may gain immediate control of weapons" within the vehicle. Id. at 1049-50 (quoting Terry v. Ohio, 392 U.S. 1, 21 (1968)).

Concannon conducted the protective search of the vehicle because he considered Spivey to be armed and dangerous due to Spivey's criminal history. Concannon knew Spivey often carried firearms, had multiple prior convictions involving firearms, and had pending charges for shooting into a house occupied by children. We have held:

> Quite simply, reasonable suspicion of a suspect's dangerousness need not be based solely on activities observed by the police during or just before the relevant police encounter, but can be based on the suspect's commission of violent crimes in the past--especially when those crimes indicate a high likelihood that the suspect will be 'armed and dangerous' when encountered in the future.

United States v. Holmes, 376 F.3d 270, 278 (4th Cir. 2004). We conclude Concannon had a reasonable belief of Spivey's dangerousness sufficient to conduct a protective search of the vehicle.

Accordingly, we affirm Spivey's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED